UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-121-KAC-JEM |
| | ) | |
| VARRENZO MONTEZ BRADFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Varrenzo Montez Bradford's Motion to Continue Trial Date and Relevant Deadlines [Doc. 13], filed on December 16, 2024.

Defendant asks the Court to continue all relevant deadlines and the trial date by ninety days [Doc. 13]. In support of the motion, Defendant states that he requires additional time to communicate with his counsel, discuss factual and legal issues as well as potential motions, and confer with the Government about potentially resolving the matter [*Id.* ¶ 1]. He notes that he is remotely detained in London, Kentucky, requiring additional time to communicate with his counsel [*Id.*]. Defendant understands that the time between filing this motion and a rescheduled trial date will be fully excludable for speedy trial purposes [*Id.* ¶ 3]. Finally, Defendant represents that the Government does not oppose a continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in

18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to discuss factual and legal issues as well as potential motions, engage in plea negotiations, and otherwise prepare for trial if such negotiations are not fruitful. The Court finds that all of this cannot occur before the January 28, 2025 trial date.

The Court therefore **GRANTS** Defendant Varrenzo Montez Bradford's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 13**]. The trial of this case is reset to **June 24, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on December 16, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Varrenzo Montez Bradford's Motion to Continue Trial Date and Relevant Deadlines [**Doc. 13**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **June 24, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 16, 2024**, and the new trial date of **June 24, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **January 16, 2025**, and responses to motions are due on or before **January 30, 2025**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 27, 2025**;

2

(6)  the deadline for filing motions *in limine* is **June 9, 2025**;

(7)  the parties are to appear before the undersigned for a final pretrial conference on **June 10, 2025, at 11:00 a.m.**; and

(8)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 13, 2025**.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge